**Cite as:) Opinion No. 99-005 (March 2, 1999)**
**(unpublished)**

**CRIMINAL LAW – CRIMINAL PROCEDURE – STATUTORY
CONSTRUCTION – STATUTE PROHIBITING UNLAWFUL TAKING OF
MOTOR VEHICLE DOES NOT SUPERSEDE OR IMPLICITLY REPEAL
GENERAL THEFT STATUTE**

March 2, 1999

*The Honorable Donald E. Murphy*
*House of Delegates*

You have requested our opinion on whether "the rules of statutory construction and operation applicable to the interpretation of general versus specific statutes" preclude a prosecution for automobile theft under the general theft statute because there is another statute that specifically relates to unlawful takings of motor vehicles.

In a recent letter of advice, a copy of which is attached, Assistant Attorney General Robert A. Zarnoch concluded that the specific statute concerning takings of motor vehicles neither supersedes nor repeals by implication the general theft statute. We agree with this conclusion for the reasons that follow.

**I**

**Background**

In 1978, the General Assembly enacted a consolidated theft statute. *See* Annotated Code of Maryland, Article 27, §342. Penalties under that statute include imprisonment up to 15 years and fines up to $1,000, depending on the value of the property taken. *Id*. §342(f). In 1995, the Legislature enacted Article 27, §342A which specifically prohibits the unlawful taking of an automobile. That statute reads:

> (a)    In this section, "owner" means any person who has a lawful interest in or is in lawful possession of a motor vehicle by consent or chain of consent of the actual title owner.

> (b)    A person, or the person's aiders or abettors, may not knowingly and willfully take a motor vehicle out of the lawful custody, control, or use of the owner without the owner's consent.

(c)     A person who violates this section shall restore the motor vehicle so taken and carried away, or, if unable to do so, shall pay to the owner the full value of the motor vehicle.

(d)     A person who violates this section is guilty of the felony of taking a motor vehicle and on conviction is subject to a fine of not more than $4,000 or imprisonment for not more than 5 years of both.

Your inquiry arises from the General Assembly's consideration during its current session of two companion bills that would amend §342A to provide explicitly that the statute does not preclude charging an auto theft under §342 and that a conviction under §342A merges into a conviction under §342 relating to the same event.[1]  *See* House Bill 949; Senate Bill 703.

---

[1]The bills would add the following language to §342A:

(1)     This section does not preclude prosecution for theft of a motor vehicle under §342 of this subheading.

(2)     If a person is convicted under §342 of this subheading and this section for the same act or transaction, the conviction under this section shall merge for sentencing purposes into the conviction under §342 of this subheading.

## II

### Discussion

Maryland courts recognize and follow the rule that when two statutes, one general and one specific, are found to conflict, the specific statute will be regarded as an exception to the general statute. *State v. Ghajari,* 346 Md. 101, 116, 695 A.2d 143 (1997). In such a situation, the specific statute is controlling and the general statute is repealed to the extent of the inconsistency. *Id.*

Nevertheless, implied repeals are disfavored and, whenever reasonably possible, overlapping statutes must be construed to avoid repeal by implication. *Farmers & Merchants Bank v. Schlossberg,* 306 Md. 48, 61, 557 A.2d 172 (1986). Thus, the conflict in statutes must be irreconcilable before one statute should be read to repeal another implicitly. Legislative intent is determinative. *State v. Ghajari,* 346 Md. at 118. In addition, the courts rarely find an implied repeal of one criminal statute by another for at least two reasons.[2] First, courts attempt to avoid interfering with prosecutorial discretion to select among applicable charges. *See, e.g., United States v. Batchelder,* 442 U.S. 114, 123-24 (1979). In addition, a trial judge can take into account the application of two statutes to the same conduct by imposing a concurrent sentence or finding that the offenses merge. *See, e.g., State v. Lancaster,* 332 Md. 385, 391, 631 A.2d 453 (1993).

The legislative history of §342A makes clear that it was not intended to repeal §342 by implication even if the two statutes prohibited exactly the same conduct. The 1995 legislation that enacted §342A also expressly reenacted §342, specifically amended the definitional section of the general theft statute to include motor vehicle theft, and set forth the statutory forms for charging documents for both offenses. Chapter 268, Laws of Maryland 1995. The purpose of these changes, as indicated in the legislative committee files, was to stiffen penalties for automobile theft. In our opinion, the legislative history conclusively demonstrates that a repeal of the statute containing the more severe penalties was not intended.

Finally, the Court of Special Appeals has concluded that §§342 and 342A are sufficiently different that convictions under both statutes would not merge. *McGrath v. State*, 120 Md. App. 748 (1998) (unreported), *cert. granted*, 340 Md. 280 (1998). If the offenses do not merge, it is impossible to conclude that one supersedes the other.

## III

### Conclusion

---

[2]One such rare case is *State v. Ghajari, supra,* where the Court of Appeals held that a specific 1978 child abduction statute impliedly repealed an 1876 general statute of which the General Assembly was apparently unaware when it passed the 1978 law. A more conventional case and one closer to the situation here is *Wright v. Sas,* 187 Md. 507, 50 A.2d 809 (1947), where the court concluded that a law prohibiting driving of a motor vehicle without consent did not repeal the unauthorized use statute.

It is our opinion that the prosecution of automobile theft under the general theft statute is not precluded by the existence of Article 27, §342A specifically proscribing the unlawful taking of a motor vehicle. Thus, the pending legislation would confirm what we believe to be the existing law in this regard.[3]

J. Joseph Curran, Jr.
*Attorney General*

Robert N. McDonald
*Chief Counsel*

*Opinions and Advice*

---

[3]Of course, the bill would prospectively provide for the merger of a conviction under §342A into a conviction under §342 – an issue currently before the Court of Appeals in the *McGrath* case.